```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

THOMAS GESAULDI, LOUIS BISIGNANO,
ANTHONY D'AQUILA, MICHAEL O'TOOLE,
BENNY UMBRA, JOSEPH A. FERRARA, SR.,
FRANK H. FINKEL, MARC HERBST, DENISE
RICHARDSON, and THOMAS F. CORBETT as
Trustees and Fiduciaries of the Local
282 Welfare Trust Fund, the Local 282
Pension Trust Fund, the Local 282
Annuity Trust Fund, the Local 282 Job
Training Trust Fund, and the Local 282
Vacation and Sick Leave Trust Fund,

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

13-CV-1872 (KAM)(RLM)

              Plaintiffs,

   -against-

DAN YANT INC.,

              Defendant.

```
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

        On April 4, 2013, the trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund (the "Funds") commenced this action against defendant Dan Yant Inc. (ECF No. 1, Complaint, 4/4/13.) Defendant was served with the Summons and Complaint on April 24, 2013. (ECF No. 23, Affidavit of Service, 3/12/14.) Plaintiffs alleged that defendant failed to make contributions to the Funds as required by a collective bargaining agreement, thereby violating Section

515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145, as amended, and Section 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185. (*Id.*)

The clerk of court entered a certificate of default against defendant on June 5, 2013, because it had failed to appear or otherwise defend this action after being served with process. (ECF No. 7, Clerk's Entry of Default, 6/5/13.) Plaintiff moved for entry of default judgment against defendant on July 26, 2013. (ECF No. 8, Notice of Motion for Default Judgment, 7/26/13.) On October 7, 2013, the court referred the motion for default judgment to Magistrate Judge Roanne L. Mann for a Report and Recommendation. (*See* Order Referring Motion, 10/7/13.) On February 18, 2014, Magistrate Judge Mann issued a Report and Recommendation (ECF No. 22, Report and Recommendation ("R&R"), 2/18/14), in which she recommended that plaintiffs be awarded judgment against defendant in the sum of $2,418.28 in unpaid contributions, $1,300.00 in audit fees, $3,313.64 in attorney's fees and costs, prejudgment interest to be calculated by the clerk of court upon entry of judgment for the time period from September 1, 2008 to the entry of judgment using the figures and formulas provided on pages 11-12 of the R&R, and liquidated damages in an amount equal to the amount of

prejudgment interest. (*Id.* at 17.)

The R&R, which was mailed to defendant on February 27, 2014, notified the parties of the right to file written objections, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). (*Id.*) The statutory period for filing objections has now expired, and no objections to Magistrate Judge Mann's R&R have been filed.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted)).

Upon a review of the Report and Recommendation, and considering that the parties have failed to object to any of Magistrate Judge Mann's thorough and well-reasoned recommendations, the court finds no clear error in Magistrate Judge Mann's Report and Recommendation and hereby affirms and adopts the Report and Recommendation as the opinion of the court.

Accordingly, judgment should be entered for plaintiffs and against defendant Dan Yant Inc. as follows: $2,418.28 in unpaid contributions, $1,300.00 in audit fees, $3,313.64 in attorney's fees and costs, prejudgment interest from September 1, 2008 to the entry of judgment that is to be calculated upon entry of judgment by the clerk of court using the formulas and figures provided by Magistrate Judge Mann on pages 11-12 of the R&R, and liquidated damages in an amount equal to the amount of prejudgment interest. The clerk of court is further respectfully requested to mail a copy of the judgment and this Order to defendant, note service on the docket, and to close this case.

**SO ORDERED.**

Dated: March 19, 2014
       Brooklyn, New York

                                                              ___/s/___
                                                           Kiyo A. Matsumoto
                                                           United States District Judge